1

**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**

2

**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**

3

**Woodland Hills, CA 91367**
**Phone: 877-206-4741**

4

**Fax: 866-633-0228**
**tfriedman@toddflaw.com**

5

**abacon@toddflaw.com**
**Attorneys for Plaintiff**

6

7

*Attorneys for Plaintiff, TYSON HOWARD and all others similarly situated*

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

TYSON HOWARD, individually, and on behalf of all others similarly situated,

12

13

Plaintiff,

14

vs.

15

DJI TECHNOLOGY, INC., AKA SZ DJI TECHNOLOGY CO., LTD.,

16

Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

Case No.

**CLASS ACTION COMPLAINT**

(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and
(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)

**Jury Trial Demanded**

Plaintiff TYSON HOWARD ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant DJI TECHNOLOGY, INC., AKA SZ DJI TECHNOLOGY CO., LTD. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising high definition recording on its products and to obtain redress for all Purchasers ("Class Members") who purchased, within the applicable statute of limitations period, one of the products sold by Defendant (hereinafter collectively referred to as the "Class Products").

2. Defendant is a California corporation and is engaged in maintaining, selling, and distributing drones and video recording devices.

3. Defendant represents that its purchasers would receive a high definition recording device with the purchase of Defendant's product.

4. Plaintiff and others similarly situated purchased these drones or video recording devices.

5. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase these products, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated consumer protection statutes.

## JURISDICTION AND VENUE

6. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

7. This matter is properly venued in the United States District Court for the EASTERN District of California, in that Plaintiff purchased the product in this district and Defendant resides within this district. Plaintiff resides in Sacramento

CLASS ACTION COMPLAINT

County, California.

8.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

9.     In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and at least one Class member will reside in a state different from the Defendant.

## THE PARTIES

10.     Plaintiff TYSON HOWARD is a citizen and resident of the State of California and purchased a drone or video recording device from Defendant in the County of Sacramento.

11.     Defendant   DJI   TECHNOLOGY,   INC.,   AKA   SZ   DJI TECHNOLOGY CO., LTD. is a California Corporation.  Defendant conducts a large share of its business within California.

12.     Plaintiff alleges, on information and belief, that Defendant's marketing campaigns, as pertains to this matter, were created by Defendant at its principle place of business in California, and were disseminated from California.

13.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's

behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

14.   Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

15.   At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

16.   In or around September 2015, Plaintiff purchased a product from Defendant ("the product").

17.   For the product, Plaintiff paid more than valuable consideration.

18.   Defendant advertised through written and oral representations that Plaintiff would receive a high definition recording device with their purchase.

19.   Plaintiff was drawn to the product because of Defendant's representations, which gave him the impression that the product would meet their needs and expectations.

20.   Relying on the Defendant's assurances Plaintiff decided to purchase the product.

21.   However, the product that Plaintiff received did not have a properly working high definition recording device which was an advertised feature.

22.   Upon learning this, Plaintiff felt completely misled and cheated.

23.   Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

24.     Defendant expressly represented to Plaintiff, through written statements, the purchase price and inclusion of the high definition video recording feature therein.

25.     Plaintiff alleges that such representations were part of a common scheme to mislead Purchasers and incentivize them to purchase products in spite of the lack of high definition recording feature.

26.     Such representations are clearly false because the products did not feature high definition recording.

27.     Plaintiff would not have purchased the product if they knew that the above-referenced representations made by Defendant were false.

28.     Had Defendant properly marketed, advertised, and represented the Class Products as lacking high definition recording, Plaintiff would not have purchased the product.

29.     The price of the product *with* the advertised high definition feature is higher than it would be without the feature. Defendant thereby benefited from selling the product at the higher price yet without the advertised feature.

30.     Plaintiff gave their money to Defendant because of the product as advertised. Defendant benefited from falsely advertising the features included with the product. Plaintiff received nothing for giving his money to Defendant for the higher price charged because of the high definition recording feature. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

31.     Had Defendant properly marketed, advertised, and represented the Class Products as lacking the high definition recording feature, no reasonable consumer who purchased a product would have believed that the product featured high definition recording.

CLASS ACTION COMPLAINT

**CLASS ACTION ALLEGATIONS**

32.   Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

33.   The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All purchasers, who, between the applicable statute of limitations and the present, purchased one or more Class Products in the United States.

34.   As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

35.   Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

36.   Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

37.   No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

38.   Rather, all claims in this matter arise from the identical, false, affirmative written statements of the premiums that would be included for Class Members' when purchasing the policies, when in fact, such representations were false.

39.   There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

> (a)   Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

(b)     Whether Defendant made misrepresentations with respect to the Class Products sold to Purchasers;

(c)     Whether Defendant profited from the sale of the products;

(d)     Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

(e)     Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)     Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)     The method of calculation and extent of damages for Plaintiff and Class Members.

40.    Plaintiff is a member of the class he seeks to represent

41.    The claims of Plaintiff are not only typical of all class members, they are identical.

42.    All claims of Plaintiff and the class are based on the exact same legal theories.

43.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

44.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period.   Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.   Plaintiff's claims are typical of all Class Members as demonstrated herein.

45.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent themselves and the class.

46.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

47.     Plaintiff incorporates by reference each allegation set forth above.

48.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

49.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

50.     Defendant misled Purchasers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the products advertised to have high definition recording devices, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

51.     Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable Purchasers like Plaintiff and other Class Members.

52.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and

have lost money or property.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products, namely that the products included a particular feature.  In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products.  In turn Plaintiff and other Class Members ended up with products that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

53.     Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

54.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would include a particular feature.

55.     Defendant knew that the Class Products did not in fact include the feature advertised.

56.     Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members that did not include the feature advertised.

57.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to Purchasers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

58.    Plaintiff incorporates by reference each allegation set forth above.

59.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

60.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to Purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

61.    In order to satisfy the "unfair" prong of the UCL, a consumer must

1   show that the injury: (1) is substantial; (2) is not outweighed by any countervailing
2   benefits to Purchasers or competition; and (3) is not one that Purchasers
3   themselves could reasonably have avoided.

4   62.   Here, Defendant's conduct has caused and continues to cause
5   substantial injury to Plaintiff and members of the Class.  Plaintiff and members of
6   the Class have suffered injury in fact due to Defendant's decision to sell them
7   falsely described drones or recording devices (Class Products).  Thus, Defendant's
8   conduct has caused substantial injury to Plaintiff and the members of the Class.

9   63.   Moreover, Defendant's conduct as alleged herein solely benefits
10  Defendant while providing no benefit of any kind to any consumer.  Such
11  deception utilized by Defendant convinced Plaintiff and members of the Class that
12  the Class Products included high definition recording, in order to induce them to
13  spend money on said Class Products.  In fact, knowing that Class Products, by
14  their objective terms did not provide the described feature, unfairly profited from
15  their sale.  Thus, the injury suffered by Plaintiff and the members of the Class is
16  not outweighed by any countervailing benefits to Purchasers.

17  64.   Finally, the injury suffered by Plaintiff and members of the Class is
18  not an injury that these Purchasers could reasonably have avoided.  After
19  Defendant falsely represented that Class Products would include high definition
20  recording, these Purchasers suffered injury in fact due to Defendant's sale of Class
21  Products to them.  Defendant failed to take reasonable steps to inform Plaintiff and
22  class members that the Class Products did not include high definition recording,
23  including failing to provide an opportunity to Plaintiff and class members to read
24  and review the accurate terms included with the Class Products prior to purchase.
25  As such, Defendant took advantage of Defendant's position of perceived power in
26  order to deceive Plaintiff and the Class members to purchase products without
27  high definition recording.  Therefore, the injury suffered by Plaintiff and members

28

CLASS ACTION COMPLAINT

of the Class is not an injury which these Purchasers could reasonably have avoided.

65. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

66. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

67. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

68. Here, not only were Plaintiff and the Class members likely to be deceived, but these Purchasers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they included high definition recording, even though the products in fact lacked such a feature. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

69. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as including high definition recording, falsely represented the terms of the Class Products.

70. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

1

**UNLAWFUL**

2      71.    California Business and Professions Code Section 17200, et seq.

3   prohibits "any unlawful…business act or practice."

4      72.    As explained above, Defendant deceived Plaintiff and other Class

5   Members by representing the Class Products as including high definition

6   recording, falsely representing the features included with the Class Products.

7      73.    Defendant used false advertising, marketing, and misrepresentations

8   to induce Plaintiff and Class Members to purchase the Class Products, in violation

9   of California Business and Professions Code Section 17500, et seq.   Had

10  Defendant not falsely advertised, marketed or misrepresented the Class Products,

11  Plaintiff and Class Members would not have purchased the Class Products.

12  Defendant's conduct therefore caused and continues to cause economic harm to

13  Plaintiff and Class Members.

14      74.    These representations by Defendant are therefore an "unlawful"

15  business practice or act under Business and Professions Code Section 17200 *et*

16  *seq*.

17      75.    Defendant has thus engaged in unlawful, unfair, and fraudulent

18  business acts entitling Plaintiff and Class Members to judgment and equitable

19  relief against Defendant, as set forth in the Prayer for Relief.   Additionally,

20  pursuant to Business and Professions Code section 17203, Plaintiff and Class

21  Members seek an order requiring Defendant to immediately cease such acts of

22  unlawful, unfair, and fraudulent business practices and requiring Defendant to

23  correct its actions.

24

**MISCELLANEOUS**

25      76.    Plaintiff and Class Members allege that they have fully complied with

26  all contractual and other legal obligations and fully complied with all conditions

27  precedent to bringing this action or all such obligations or conditions are excused.

28

CLASS ACTION COMPLAINT

## REQUEST FOR JURY TRIAL

77.   Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

78.   Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)   An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)   An order certifying the undersigned counsel as Class Counsel;

(c)   An order requiring DJI TECHNOLOGY, INC., AKA SZ DJI TECHNOLOGY CO., LTD., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)   An order requiring DJI TECHNOLOGY, INC., AKA SZ DJI TECHNOLOGY CO., LTD. to engage in corrective advertising regarding the conduct discussed above;

(e)   Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(f)   Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)   Any and all statutory enhanced damages;

(h)   Restitution for the monies spent by Plaintiff and Class members on the Class Products;

(i)   All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(j)   Pre- and post-judgment interest; and

(k)   All other relief, general or special, legal and equitable, to which

1    Plaintiff and Class Members may be justly entitled as deemed

2    by the Court.

3

4    Dated:  September 26, 2016

5    Respectfully submitted,

6    LAW OFFICES OF TODD M. FRIEDMAN , PC

7

8    By: /s Todd. M. Friedman

9    TODD M. FRIEDMAN, ESQ.

10   Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT