IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TYSON HOWARD, individually, and on behalf of all others similarly situated,

    Plaintiff,

vs.

DJI TECHNOLOGY, INC., aka SZ DJI TECHNOLOGY CO., LTD.,

    Defendant.

2:16-CV-02292 LEK

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

On January 24, 2017, Defendant DJI Technology, Inc. ("Defendant") filed its Motion to Dismiss the First Amended Complaint ("Motion").[1] [Dkt. no. 17.] Plaintiff Tyson Howard ("Plaintiff") filed his memorandum in opposition on February 14, 2017, and Defendant filed its reply on February 20, 2017. [Dkt. nos. 19, 20.] The Court finds this matter suitable for disposition without a hearing pursuant to L.R. 230(g) of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules"). Defendant's Motion is

---

[1] Plaintiff identifies the defendant as "DJI Technology, Inc., aka SZ DJI Technology Co., Ltd.," and describes it as "a California corporation." [Amended Complaint at ¶¶ 1-2.] Defendant states that SZ DJI Technology Co., Ltd. "is a separate entity, and it is not a business name of DJI Technology, Inc." [Mem. in Supp. of Motion at 2 n.2.] Because DJI Technology, Inc. "is the American branch of . . . SZ DJI Technology Co., Ltd.," SZ DJI Technology Co., Ltd. has not appeared in this case. [Id. at 2 & n.2.]

hereby granted in part and denied in part for the reasons set forth below.

## BACKGROUND

Plaintiff filed his original Class Action Complaint ("Complaint") on September 26, 2016. [Dkt. no. 1.] On November 22, 2016, Defendant moved to dismiss the Complaint ("First Motion to Dismiss"), and Plaintiff filed his First Amended Class Action Complaint ("Amended Complaint") on December 13, 2016. [Dkt. nos. 9, 11.] In light of the filing of the Amended Complaint, this Court denied the First Motion to Dismiss as moot. [Dkt. no. 13.]

Because the issue of class certification is not currently before this Court, it will only consider Plaintiff's individual allegations for purposes of the instant Motion. According to the Amended Complaint, Defendant is a California corporation that maintains, sells, and distributes drones and video recording devices. [Amended Complaint at ¶ 2.] It "conducts a large share of its business within California" and "Plaintiff alleges, on information and belief, that Defendant's marketing campaigns, as pertains to this matter, were created by Defendant at its principle place of business in California, and were disseminated from California." [Id. at ¶¶ 11-12.]

Around September 2015, Plaintiff purchased a DJI Phantom III Standard drone from Defendant's website for

approximately $800.  Later that month, he purchased a DJI Phantom III Pro drone from Defendant's website for approximately $1300.[2]  [Id. at ¶¶ 16-19, 21-22.]  According to Plaintiff, "Defendant advertised through written representations that Plaintiff would receive [the Drones] with high definition [("HD")] recording capabilities."  [Id. at ¶ 20.]  According to Plaintiff, Defendant's website for the DJI Phantom III Standard drone "prominently advertises the ability of the camera on the drone to capture '2.7K HD Video,'" and its website for the DJI Phantom III Pro drone "prominently advertises the ability of the camera on the drone to capture '4K HD Video.'"  [Id. at ¶¶ 21-22.]  Based on Defendant's representations, Plaintiff believed that the Drones "would meet his needs and expectations as to the quality of the video recordings," and he purchased the Drones based on Defendant's representations.  [Id. at ¶¶ 23-24.]

After he purchased the Drones, Plaintiff learned that they were not capable of recording at the definition level advertised, and they "recorded video at inferior qualities significantly below 2.7K and 4K."  [Id. at ¶¶ 25-26.]  According to Plaintiff, the prices of the Drones were higher than they would have been without the advertised recording capabilities, as evidenced by the fact that the DJI III Pro – which advertised "a

---

[2] This Court will refer to the DJI Phantom III Standard drone and the DJI Phantom III Pro drone that Plaintiff purchased collectively as "the Drones."

3

'significantly improved' 4K camera" – was more expensive than the DJI III Standard. [Id. at ¶¶ 33-34.] Plaintiff alleges that Defendant's "sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer." [Id. at ¶ 27.] Plaintiff alleges that Defendant's false representations about the Drones' HD recording features "were part of a common scheme to mislead [Plaintiff] and incentivize [him] to purchase [the Drones] in spite of the lack of the promised" HD recording capabilities. [Id. at ¶¶ 29-30.] Plaintiff would not have purchased the Drones if he knew that Defendant's representations about the HD recording capabilities were false and if he had known what the Drones' actual recording capabilities were. [Id. at ¶¶ 31-32.]

The Amended Complaint alleges the following claims: violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.* ("Count I"); [id. at ¶¶ 52-62;] and violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* ("Count II"), [id. at ¶¶ 63-81]. Plaintiff prays for: an order requiring Defendant "to engage in corrective advertising"; [id. at ¶ 83.d;] actual, punitive, and statutory enhanced damages; restitution of sale prices paid; reasonable attorneys' fees and costs; pre- and post-judgment interest; and any other appropriate relief.

//

In the instant Motion, Defendant seeks dismissal of the Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

**DISCUSSION**

This district court has recognized that the Fed. R. Civ. P. 9(b) heightened pleading standard applies to claims brought under Cal. Bus. & Prof. Code §§ 17200 and 17500. See, e.g., Handy v. LogMeIn, Inc., No. 1:14-cv-01355-JLT, 2015 WL 4508669, at *5 (E.D. Cal. July 24, 2015) (some citations omitted) (citing Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (holding "Rule 9(b)'s particularity requirement applies" to claims raised under Cal. Bus. & Prof. Code § 17200); VP Racing Fuels, Inc. v. General Petroleum Corp., 673 F. Supp. 2d 1073, 1085-86 (E.D. Cal. 2009) (where the plaintiff alleged the defendant knowingly made misrepresentations to the public and "engaged in a fraudulent course of conduct," the plaintiff was required to meet the heightened requirements of Rule 9(b) to state a claim under Cal. Bus. & Prof Code § 17500)).[3]

> Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word "fraud" is not used).'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting

---

[3] This Court will refer to the July 24, 2015 order as "Handy II."

> Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105
> (9th Cir. 2003)). "When an entire complaint, or
> an entire claim within a complaint, is grounded in
> fraud and its allegations fail to satisfy the
> heightened pleading requirements of Rule 9(b), a
> district court may dismiss the complaint or
> claim." Vess, 317 F.3d at 1107 (9th Cir. 2003)
> (citing Bly-Magee v. California, 236 F.3d 1014,
> 1019 (9th Cir. 2001)). Under Rule 9(b), the
> circumstances constituting the alleged fraud must
> be specific enough to give each defendant notice
> of its particular misconduct so that the defendant
> can defend against the charge instead of merely
> denying that it did anything wrong. Kearns, 567
> F.3d at 1124 (citing Bly-Magee, 236 F.3d at 1019).
> To satisfy the particularity standard of
> Rule 9(b), the plaintiff must set forth more than
> the neutral facts necessary to identify the
> transaction at issue. Id. (citing In re GlenFed,
> Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir.
> 1994), superseded by statute on other grounds).

Agha-Khan v. Bank of Am., No. 1:17-cv-00011-DAD, 2017 WL 2833399, at *5 (E.D. Cal. June 30, 2017) (alteration in Agha-Khan).

Further,

> The heightened pleading standard of Rule 9(b)
> requires that "[a] complaint would need to state
> the time, place, and specific content of the false
> representations as well as the identities of the
> parties to the misrepresentation." Edwards v.
> Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir.
> 2004); see also Kearns, 567 F.3d at 1126 (the
> plaintiff must articulate the "who, what, when,
> where, and how" of the fraud alleged[]). Only
> factual allegations, rather than mere conclusions
> satisfy this pleading burden. Moore v. Kayport
> Package Express, Inc., 885 F.2d 531, 540 (9th Cir.
> 1989). If the factual allegations do not meet the
> heightened pleading standard, the "averments . . .
> should be disregarded, or stripped from the claim
> for failure to satisfy Rule 9(b)." Kearns, 567
> F.3d at 1124 (quotations omitted).

Handy II, 2015 WL 4508669, at *5 (some alterations in Handy II).

> Many courts in California have applied a
> relatively straightforward test for the
> application of Rule 9(b) to label-based fraud
> claims. The "who" are the defendants; the "what"
> are their allegedly misleading claims; the "when"
> is the . . . period[] during which those claims
> were made; the "where" is the offending label; and
> the "how" is the plaintiff's explanation why the
> defendant's claims are misleading.

Handy v. LogMeIn, Inc., No. 1:14-cv-01355-JLT, 2015 WL 1729681, at *4 (E.D. Cal. Apr. 15, 2015) (citation and quotation marks omitted).[4]

## I. Count I

Count I alleges that Defendant made misrepresentations about the Drones' recording capabilities. The claim is also based on Defendant's omissions, but Plaintiff does not clearly identify what information was omitted. [Amended Complaint at ¶¶ 55-56.] Read as a whole, the Amended Complaint alleges that Defendant omitted what the Drones' actual recording capabilities were. See, e.g., id. at ¶ 32 ("Had Defendant properly marketed, advertised, and represented the [Drones] as lacking high definition recording, Plaintiff would not have purchased the product.").

> California's False Advertising Law prohibits
> any person or entity from making an untrue and
> misleading statement in advertising. Cal. Bus. &
> Prof. Code § 17500. It is unlawful for any
> company to make any statement concerning products
> offered, which is known or should be known, to be

---

[4] The Court will refer to the April 15, 2015 order as "Handy I."

7

untrue or misleading. Cal. Bus. & Prof. Code § 17500. A false advertising claim under this section may be brought "where the advertising complained of is not actually false, but thought likely to mislead or deceive, or is in fact false." Day v. AT&T Corp., 63 Cal. App. 4th 325, 332, 74 Cal. Rptr. 2d 55 (1998). Thus, the FAL proscribes "not only those advertisements which have deceived or misled because they are untrue, but also those which may be accurate on some level, but will nonetheless tend to mislead or deceive." Id. (emphasis omitted). In addition, a plaintiff may state a claim under the FAL for fraudulent omissions by a defendant. See Ehrlich v. BMW of North Am., 801 F. Supp. 2d 908, 916 (C.D. Cal. 2010).

To state a cognizable claim for a fraudulent omission, a plaintiff must allege the defendant's omission was "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obligated to disclose." Ehrlich, 801 F. Supp. 2d at 916 (quoting Falk v. Gen. Motors Corp., 496 F. Supp. 2d 1088, 1094–95 (N.D. Cal. 2007)); see also Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 835, 51 Cal. Rptr. 3d 118 (2006). Under California law,

> There are four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

LiMandri v. Judkins, 52 Cal. App. 4th 326, 336, 60 Cal. Rptr. 2d 539 (1997) (quoting Heliotis v. Schuman, 181 Cal. App. 3d 646, 651, 226 Cal. Rptr. 509 (1986)). . . .

Handy II, 2015 WL 4508669, at *5-6.

//

**A.   Misrepresentation**

As to the alleged misrepresentation, the Amended Complaint alleges: the who – Defendant DJI Technology, Inc.; the what – the statements that the Drones were capable of HD recording; the where – the claims were made on the pages of Defendant's website for the Drones; and the how – Plaintiff's explanation that the Defendant's claims were misleading because the Drones were not in fact capable of HD recording.  However, the Amended Complaint's factual allegations about the when are insufficient.  Plaintiff does allege that he bought the Drones around September 2015, [Amended Complaint at ¶¶ 16, 18,] and that he was "drawn to" the Drones because of Defendant's representations, which he relied upon when he decided to purchase the Drones [id. at ¶¶ 23-24].  These allegations, taken to be true for purposes of the Motion, are sufficient to support a reasonable inference that Plaintiff viewed Defendant's representations about the Drones' recording capabilities by September 2015.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))); id. ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

9

inference that the defendant is liable for the misconduct alleged." (citing Twombly, 550 at 556, 127 S. Ct. 1955)). The allegations, however, do not satisfy the heightened pleading standard because they do not sufficiently allege when Plaintiff was exposed to Defendant's alleged misrepresentations. The portion of Count I based on the alleged misrepresentations about the Drones' recording capabilities must be dismissed.

Defendant also argues that Plaintiff's allegations are implausible because, after he allegedly learned that the DJI III Standard did not have the advertised HD recording capability, he purchased the DJI III Pro. However, this argument raises credibility issues, which are beyond the scope of the instant motion to dismiss. See Ransom v. McCabe, No. 1:13cv01779 AWI DLB PC, 2015 WL 5159412, at *3 (E.D. Cal. Sept. 2, 2015) (citing Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014)), *report and recommendation adopted*, 2015 WL 6438150 (Oct. 22, 2015).

Further, Defendant contends that Plaintiff has failed to plead sufficient allegations regarding Defendant's knowledge that its representations about the Drones' recording capabilities were false/misleading. Plaintiff alleges "Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable Purchasers like Plaintiff." [Amended Complaint at ¶ 56.] Plaintiff's general

allegation of Defendant's knowledge and intent are sufficient. See Comm. to Protect Our Agric. Water v. Occidental Oil & Gas Corp., 235 F. Supp. 3d 1132, 1177 (E.D. Cal. 2017) ("While plaintiffs must plead the factual circumstances of fraud itself with particularity, they may allege specific intent to defraud through general allegations." (citing In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc))).

Defendant argues that the dismissal should be with prejudice because it is not possible for Plaintiff to cure the defect in this portion of Count I by further amendment. See Rodriguez v. Brown, 1:15-cv-01754-LJO-EPG-PC, 2016 WL 6494705, at *3 (E.D. Cal. Nov. 1, 2016) ("Whether dismissal is with or without prejudice will depend upon whether it is possible for Plaintiff to cure any defects." (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107–08 (9th Cir. 2003) (collecting cases))), *report and recommendation adopted*, 2016 WL 7104173 (E.D. Cal. Dec. 6, 2016). Defendant argues that the First Motion to Dismiss raised the same issues raised in the instant Motion, and Plaintiff failed to cure the defects when he filed the Amended Complaint. Defendant contends that this shows that it would not be possible for Plaintiff to cure any defects in a second amended complaint. This Court disagrees. The only identified defect in this portion of Count I is the failure to allege when Plaintiff viewed Defendant's alleged misrepresentations, and it is possible

for Plaintiff to cure this defect by amendment.  The dismissal of the portion of Count I based on Defendant's alleged misrepresentations about the Drones' recording capabilities is without prejudice.

**B.  Omission**

Plaintiff also pleads a related allegation that Defendant omitted information about what the Drones' actual recording capabilities were.  Plaintiff's allegations, if proven, could support a claim based on fraudulent nondisclosure.  See LiMandri, 52 Cal. App. 4th at 336.  Defendant arguably had exclusive knowledge of the Drones' recording capabilities that was not known to Plaintiff when he purchased them.  Plaintiff also alleges that: Defendant deliberately concealed the Drones' actual recording capabilities, which were material features of the products.  [Amended Complaint at ¶¶ 23, 56.]  Similarly, Defendant arguably made a partial representation, *i.e.* that the Drones were capable of video recording, but suppressed the material fact that the Drones were not capable of HD recording.

The portion of Count I based on Defendant's alleged omission, however, fails to state a plausible claim for the same reason as the portion based on Defendant's alleged misrepresentation.  Plaintiff has not alleged when he viewed Defendant's materials which he alleges omitted information about the Drones' actual recording capabilities.  For the same reasons

set forth as to the portion of Count I based on Defendant's alleged misrepresentation, the portion of Count I based on Defendant's alleged omission is also dismissed without prejudice.

**II.   Count II**

Count II alleges that Defendant's actions, omissions, misrepresentations, and practices violate § 17200.

> Under § 17200, unfair competition includes any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Therefore, there are three prongs under which a claim may be established under § 17200. Daro v. Superior Court, 151 Cal. App. 4th 1079, 1093, 61 Cal. Rptr. 3d 716 (2007) ("Because section 17200 is written in the disjunctive, a business act or practice need only meet one of the three criteria-unlawful, unfair, or fraudulent-to be considered unfair competition"); Lozano v. AT&T Wireless Servs., 504 F.3d 718, 731 (9th Cir. 2007) ("[e]ach prong . . . is a separate and distinct theory of liability").
>
> Actions prohibited by § 17200 include "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39, 33 Cal. Rptr. 2d 438 (1994). Thus, the "unlawful" prong requires an underlying violation of law. Krantz v. BT Visual Images, 89 Cal. App. 4th 164, 178, 107 Cal. Rptr. 2d 209 (2001). An "unfair" practice under section 17200 is one "whose harm to the victim outweighs its benefits." Saunders v. Superior Court, 27 Cal. App. 4th 832, 839, 33 Cal. Rptr. 2d 438 (1994). Finally, a "fraudulent" act or practice under § 17200 is "one which is likely to deceive the public," and "may be based on misrepresentations . . . which are untrue, and also those which may be accurate on some level, but will nonetheless tend to mislead or deceive." McKell v. Washington Mutual, Inc., 142 Cal. App. 4th 1457, 1474, 49 Cal. Rptr. 3d 227 (2006).

> Significantly, as with a False Advertising Law claim, a plaintiff may demonstrate a violation of the "fraudulent" prong of the UCL by showing that reasonable "members of the public are likely to be deceived." Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1151-52 (9th Cir. 2008); see also Bardin v. DaimlerChrysler Corp., 136 Cal. App. 4th 1255, 1261, 39 Cal. Rptr. 3d 634 (2006). . . .

Handy I, 2015 WL 1729681, at *8 (some alterations in Handy I).

Count II relies all three prongs.

### A. Unfair

> [T]his court has previously summarized the various definitions of "unfair" under the UCL as provided by the California courts:
>
> > 1. "An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 839 (2006).
> >
> > 2. "'[U]nfair' business practice occurs when that practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Smith v. State Farm Mut. Auto. Ins. Co., 93 Cal. App. 4th 700, 719 (2001) (internal citation and quotation marks omitted).
> >
> > 3. An unfair business practice means "the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." Scripps Clinic v. Superior Court, 108 Cal. App. 4th 917, 940 (2003).
>
> Vincent v. PNC Mortgage, Inc., No. 14-00833, 2014 WL 2766116, at *8 (E.D. Cal. June 18, 2014).

Wilkins v. Bank of Am., N.A., No. 2:15-cv-02341-KJM-EFB, 2016 WL 5940082, at *8 (E.D. Cal. Aug. 19, 2016) (some alterations in Wilkins).

Count II alleges unfair business practices based the first two definitions. As to the second definition, Plaintiff merely alleges, in conclusory fashion, that "Defendant's acts, omissions, misrepresentations, and practices" are "substantially injurious . . . offend[] public policy, and [are] immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct." [Amended Complaint at ¶ 65.] However, Plaintiff has sufficiently alleged unfair business practices based on the first definition.

The Amended Complaint alleges that Plaintiff has suffered a substantial injury because he paid valuable consideration for the Drones, which had higher prices because of the advertised HD recording features, but which did not have advertised features. [Amended Complaint at ¶¶ 16-25, 33-35, 67.] Plaintiff also alleges that Defendant's practice of falsely advertising and representing that the Drones were capable of HD recording in order to induce consumers to purchase them did not provide any benefit to Plaintiff or any other consumer. Thus, the injury that Plaintiff suffered is not outweighed by any countervailing benefits to consumers. [Id. at ¶¶ 35, 68.]

15

Finally, Plaintiff alleges that the injury he suffered is not one that consumers could have avoided because, based on the information Defendant made available about the Drones, consumers would not have realized that Defendant's representations about the Drones' ability to record HD video were false. [Id. at ¶ 69.] With respect to the unfair prong, Plaintiff has pled sufficient facts to state a § 17200 claim against Defendant.

### B. **Fraudulent**

> [T]he fraudulent prong of the UCL is "governed by the reasonable consumer test: a plaintiff may demonstrate a violation by show[ing] that [reasonable] members of the public are likely to be deceived." Rubio v. Capital One Bank, 613 F.3d 1195, 1204 (9th Cir. 2010) (citation omitted). A UCL "plaintiff need not show that he or she or others were actually deceived or confused by the conduct or business practice in question." Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1167 (2000). Whether a business practice is deceptive will usually be a question of fact not appropriate for decision on a motion to dismiss. Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008). At the same time, an unfair practice claim grounded in fraud must be pled with the particularity required by Federal Rule of Civil Procedure 9(b). Vess, 317 F.3d at 1103.

Wilkins, 2016 WL 5940082, at *8 (some alterations in Wilkins).

Reading the Amended Complaint as a whole, Plaintiff alleges that Defendant falsely represented that the Drones had HD recording capabilities and failed to disclose what the Drones' actual recording capabilities were. Plaintiff also alleges that the public is likely to be deceived by Defendant's practices because, as evidenced by Plaintiff's reasonable reliance on

16

Defendant's statements, Defendant had unequal bargaining power over the public, [Amended Complaint at ¶ 73,] and the information Defendant made available about the Drones prevented Plaintiff and other consumers from learning until after purchase that the representations about the HD recording capabilities were false. Although Plaintiff alleges that he was actually deceived, see, e.g., id. at ¶ 73, because actual deception is not required, he is not required to allege when he was exposed to Defendant's representations, as he is in his § 17500 claim. Thus, his failure to plead the "when" with particularity that was fatal to Count I is not fatal to this portion of Count II. With respect to the fraudulent prong, Plaintiff has pled sufficient facts to state a § 17200 claim against Defendant.

**C. Unlawful**

As to the unlawful practices prong,

> a plaintiff must show a violation of some independent law. See Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992). The predicate violation may be federal, state, local, or common law. Id. (section 17200 "borrows" violations of other laws and treats them as unlawful practices actionable separately under section 17200). Because the statute borrows violations of other laws, a failure to state a claim under the underlying law translates to a failure to state a claim under the unlawful prong. See Saunders v. Superior Court, 27 Cal. App. 4th 832, 838 (Cal. Ct. App. 1994).

Wilkins, 2016 WL 5940082, at *8. Plaintiff bases his claim under the unlawful prong on the alleged violation of § 17500. [Amended

Complaint at ¶ 78.]  However, because Count I fails to state a claim, Plaintiff has also failed to state a claim as to the portion of his § 17200 claim based on the unlawful prong, and must be dismissed.  The dismissal of this portion of Count II is without prejudice because it is possible for Plaintiff to cure the defects in Count I by amendment.

**CONCLUSION**

On the basis of the foregoing, Defendant's Motion to Dismiss the First Amended Complaint, filed January 24, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as Count I and the portion of Count II based on the "unlawful" prong of Cal. Bus. & Prof. Code § 17200 are HEREBY DISMISSED.  The Motion is DENIED as to the portion of Count II based on the "unfair" and "fraudulent" prongs of § 17200 and insofar as the dismissal of Count I and the portion of Count II based on the "unlawful" prong is WITHOUT PREJUDICE.

The Court GRANTS Plaintiff leave to file a second amended complaint by **October 30, 2017**.  If Plaintiff fails to file his second amended complaint by **October 30, 2017**, this case will proceed on the remaining portions of the First Amended Class Action Complaint – the portions of Count II based on the unfair and fraudulent prongs of § 17200.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 20, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TYSON HOWARD VS. DJI TECHNOLOGY, INC.; 2:16-CV-02292 LEK**